## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA, KANSAS

| | |
|---|---|
| DIANE LEE and TONG LEE, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 18 CV 1129 |
| TRANSAM TRUCKING, INC. and DENNY LEE BRENSINGER, | ) ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

COME NOW the Plaintiffs, by and through their counsel of record, Stephen L. Brave of Brave Law Firm, LLC, and for their claims against the Defendants allege and state as follows:

## **PARTIES**

1. Plaintiff Tong Lee is a citizen and resident of Arizona.

2. Plaintiff Diane Lee is a citizen and resident of Arizona.

3. Defendant Transam Trucking, Inc. is a foreign for-profit corporation with a principal place of business at 15910 S. Highway 169, Olathe, Kansas 66062.  This Defendant may be served through its resident agent, SBLSG Registered Agent, LLC, 9300 West 100th Street, Suite 200, Overland Park, Kansas 66212.

4. Defendant Denny Lee Brensinger is a resident of Florida and may be served at his residence at 10341 Choice Drive, Fort Richey, Florida, 34668.

## **JURISDICTION AND VENUE**

5. The allegations contained in Paragraphs one (1) through four (4) above are incorporated by reference.

1

6. The United States District Court for the District of Kansas has original jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) since the action is between citizens of different states and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorneys' fees and costs.

7. This Court has proper venue and jurisdiction over the persons and subject matter.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. The allegations contained in Paragraphs one (1) through seven (7) above are incorporated herein by reference.

9. On May 6, 2016, at approximately 8:00 p.m., the Plaintiffs were sleeping in their legally parked "fifth wheel camper" in the BETO West Conoco parking lot located at 2745 US 75 Highway in Lebo, Kansas.

10. While the Plaintiffs were sleeping in their camper, Defendant Brensinger was driving a semi-tractor trailer, owned by Defendant Transam Trucking, Inc., in the same parking lot.

11. Witnesses observed Brensinger "repeatedly driving through the parking lot in a bizarre pattern during which time [he] almost struck another semi tractor" before colliding with the front of the Plaintiff's pickup that was hitched to their camper.

12. As a result of the impact, Plaintiff Tong Lee was thrown out of his bed and sustained injury.

13. After the impact, Plaintiff Diane Lee exited the camper to see what had occurred.

14. In the meantime, Defendant Brensinger had backed up the semi and, as a result, there was a gap between the Plaintiffs' pickup truck and the semi.

15. Plaintiff Diane Lee was standing in this gap inspecting the damage to the front of the pickup truck when Defendant Brensinger took off, drove the tractor-trailer forward and

again struck the front of the Plaintiff's pickup truck, pinning Plaintiff Diane Lee between the two vehicles and causing her to sustain injury.

16. The Coffey County Sheriff's Office was contacted and Deputy Tim Hamm went to the scene to investigate.

17. While at the scene, Deputy Hamm made contact with Defendant Brensinger and observed that Brensinger was "sweating profusely, had rapid and shallow breathing, had urinated in his pants and did not appear to understand what was going on around him."

18. Based on these observations, Deputy Hamm concluded that Defendant Brensinger was having health problems and he was transported to the Newman Regional Hospital in Emporia, Kansas for evaluation.

19. The 2016 Kenworth tractor was that was owned by Defendant Transam Trucking, Inc. and being driven by Defendant Brensinger, was a self-propelled motor vehicle that was used on a highway in interstate commerce to transport property and weighed more than 10,001 pounds and as such was a "commercial motor vehicle" as defined by 49 C.F.R. § 390.5.

20. The 2016 Kenworth tractor was that was owned by Defendant Transam Trucking, Inc. and being driven by Defendant Brensinger was a vehicle that had a gross vehicle weight of 10,001 pounds or more and as such was a "commercial motor vehicle" as defined by Kansas Administrative Regulation 82-4-1(d).

21. At the time of the accident and at all times material herein, Defendant Brensinger was acting in the course and scope of his employment with Defendant Transam Trucking, Inc.

22. Defendant Brensinger was negligent in the following respects:
    a. Operating a commercial motor vehicle while is ability to drive and/or his alertness was so impaired as a result of fatigue, illness, or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle and this conduct violates 49

3

        C.F.R. § 392.3 and adopted by reference by Kansas Administrative Regulation 82-4-3h, the violation of which constitutes negligence *per se*;

    b. Upon information and belief, it is likely that discovery will establish, after a reasonable opportunity for further investigation or discovery, that Defendant Brensinger was operating a commercial motor vehicle while under the influence of drugs or some other substance that rendered him incapable of safely operating a motor vehicle in violation of 49 C.F.R. § 392.4 and adopted by reference by Kansas Administrative Regulation 82-4-3h, the violation of which constitutes negligence *per se*;

    c. Upon information and belief, it is likely that discovery will establish, after a reasonable opportunity for further investigation or discovery, that Defendant Brensinger was operating a commercial motor vehicle when he was out of service in violation of 49 C.F.R. § 395.3 and adopted by reference by Kansas Administrative Regulation 82-4-3a, the violation of which is negligence per se;

    d. Failing to keep a proper lookout while operating a commercial motor vehicle;

    e. Failing to use reasonable care to keep the commercial motor vehicle he was operating under control;

    f. Other negligent actions and/or omissions that may be identified as additional information regarding Defendant Brensinger is discovered.

23. Defendant Brensinger's negligence, as described in ¶ 22 herein, was the proximate cause of the injuries sustained by the Plaintiff.

24. Defendant Acosta-Corrales' conduct, as described in ¶ 22 herein, was reckless, willful and wanton and Plaintiffs seek punitive damages in addition to compensatory damages.

25. Transam Trucking, Inc. is a for-hire motor carrier and is therefore a "motor carrier" as defined by 49 C.F.R. § 390.5.

26. Transam Trucking, Inc. is a corporation subject to the provisions of the motor carrier laws of Kansas and is therefore a "motor carrier" as defined by Kansas Administrative Regulation 84-2-1(w).

27. As Defendant Brensinger's employer, Transam Trucking, Inc. is vicariously liable for his negligent conduct.

28. Defendant Transam Trucking Inc. is independently liable for negligently hiring, training, supervising and retaining Defendant Brensinger and this conduct was willful and wanton and warrants punitive damages.

29. It is anticipated that discovery will reveal that Defendant Transam Trucking, Inc. is further independently liable for violating one or more Federal Motor Carrier Safety Act regulations.

**CIVIL PENALTIES MANDATED BY K.S.A. 66-176**

30. The allegations contained in Paragraphs one (1) through twenty-nine (29) above are incorporated by reference.

31. Transam Trucking, Inc. is a "public motor carrier of property" as defined by K.S.A. 66-1,108(m) because it undertakes for hire to transport by commercial motor vehicle the property of others that choose to employ or contract with it.

32. As a public motor carrier of property, Transam Trucking, Inc. is a common carrier under Kansas law as set forth in K.S.A. 66-1,110.

33. Pursuant to K.S.A. 66-176, any common carrier that violates any provisions of law for the regulation of common carriers shall forfeit, for every offense, to the person aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the Court. Plaintiffs seek such damages under this statute for each and every violation identified herein.

34. WHEREFORE, the Plaintiffs seek judgment against the Defendants for damages in excess of $75,000.00, for prejudgment interest herein at the maximum amount allowed by law from the earliest date possible, punitive damages against each Defendant, for the maximum amount of civil penalties mandated by K.S.A. 66-176, reasonable attorney fees mandated by K.S.A. 66-176, the costs of suit mandated by K.S.A. 66-176, to be determined and for whatever other relief that the Court finds to be just and equitable.

BRAVE LAW FIRM, LLC

/s/ Stephen L. Brave            .
Stephen L. Brave #20025
3500 N. Rock Road, Building 100
Wichita, KS  67226
316-636-9500
(fax) 316-636-9550
sbrave@bravelawfirm.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT WICHITA, KANSAS

| | |
|---|---|
| DIANE LEE and TONG LEE, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. |
| TRANSAM TRUCKING, INC. and DENNY LEE BRENSINGER, | ) ) ) ) |
| Defendants. | ) ) ) |

## **DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs and demand a pretrial conference and a trial by jury of eight (8) persons in this matter.

BRAVE LAW FIRM, LLC

 /s/ Stephen L. Brave             .
Stephen L. Brave #20025
3500 N. Rock Road, Building 100
Wichita, KS  67226
316-636-9500  (fax) 316-636-9550
  sbrave@bravelawfirm.com
  *Attorney for Plaintiffs*

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT WICHITA, KANSAS

| | |
|---|---|
| DIANE LEE and TONG LEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| TRANSAM TRUCKING, INC. and ) | |
| DENNY LEE BRENSINGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DESIGNATION OF PLACE OF TRIAL

COME NOW the Plaintiffs and designate Wichita, Kansas as the place for trial in this matter.

BRAVE LAW FIRM, LLC

 /s/ Stephen L. Brave           .
Stephen L. Brave #20025
3500 N. Rock Road, Building 100
Wichita, KS  67226
316-636-9500  (fax) 316-636-9550
  sbrave@bravelawfirm.com
  *Attorney for Plaintiffs*